STYBEL PLUMBING, INC v OAK PARK

1. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—FUTURE BENE-
   FITS.
     The benefit of any given public project is measured by its availa-
     ble potential, not the immediate use to which it can be put.

2. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—FUTURE BENE-
   FITS.
     A landowner may be required to pay a special assessment for the
     construction of a service drive even though the benefits flowing
     to him from a project are in the future.

3. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—BENEFITS—MAR-
   KET VALUE.
     A benefit to property, when considering the propriety of a special
     assessment, does not necessarily have to be measured in terms
     of market value.

4. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—BENEFITS—MAR-
   KET VALUE.
     A special assessment for defendant city's construction of a service
     drive south of the industrial area in which plaintiffs' lots are
     situated was justified, irrespective of market value considera-
     tions, where the construction benefits all the industrial facili-
     ties in the area by facilitating the loading and unloading of
     trucks as well as making ingress and egress easier for employ-
     ees.

5. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—STATUTORY LIMI-
   TATION—HOME RULE CITIES.
     Statutes limiting special assessments to 25% of the assessed land
     value apply only to fourth class cities and villages, not to home
     rule cities; there are no specific constitutional or statutory

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 48 Am Jur, Special or local Assessments § 108.
[3, 4] 48 Am Jur, Special or local Assessments § 63.
[5] 48 Am Jur, Special or local Assessments § 64.
[6] 48 Am Jur, Special or local Assessments § 27.
[7] 48 Am Jur, Special or local Assessments § 26.

limitations on the amount of special assessments that can be levied in home rule cities; the legislative failure to impose such limitations on home rule cities does not affect the validity of a special assessment levied by a home rule city (Const 1908, art 8, § 20; MCLA 68.5, 104.5).

6. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—SPECIAL BENEFIT.

Special assessments are to be sustained where the property assessed receives some corresponding special benefit from the public improvement which the general public does not receive; the assessments must be levied in proportion to the special benefit received.

7. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—PUBLIC BENEFIT.

A special assessment placing the entire cost of the construction of a service drive and a parking lot on landowners was not justified, even though the landowners would receive direct benefits from the facilities to be constructed, where the public at large would receive the benefit of less traffic on a major thoroughfare and the benefit to the public was not an incidental benefit, the purpose of the project being the lessening of congestion, because the public should bear its fair share of the assessment.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 December 15, 1971, at Detroit. (Docket No. 10604.) Decided April 25, 1972.

Complaint by Stybel Plumbing, Inc., Carl E. Renzell, Gerald Puvogel, and Sidney A. Deitch against the City of Oak Park challenging the validity of a special assessment on their property. Judgment for defendant. Plaintiffs appeal. Special assessment vacated and cause remanded with instructions.

*Pevos & Pevos,* for plaintiffs.

*Colman, Goodman & Shifman, P. C.,* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and DANHOF, JJ.

T. M. Burns, J. Plaintiffs brought suit to challenge the validity of a special assessment imposed upon their lands in the City of Oak Park. The trial court found in favor of the defendant, and plaintiffs bring this appeal as of right.

Plaintiffs are owners of 23–1/2 lots, out of a total of 88 lots, in Manhattan Subdivision in the City of Oak Park. The 88 lots make up Special Assessment District 456. Plaintiffs' lots are on the south side of Eleven Mile Road and are zoned for light industrial use. Each lot is 20 feet in width and approximately 108 feet in depth.

In an effort to improve traffic and parking conditions on Eleven Mile Road, which has become very heavily traveled, the defendant city purchased all of the land immediately south of plaintiffs' lots. The purpose of the acquisition is to construct a 34-foot wide service drive in the rear (south) of the industrial area and behind the service drive, a parking area which would accommodate 392 cars.

The cost of the project was an estimated $252,824.42. To cover this cost the city imposed special assessments on 86 of the 88 lots (2 lots are owned by the city) in the amount of $1.28 per square foot. All of the lots were assessed at the same rate regardless of the use to which they were put.

Plaintiffs first contend that they should not be required to pay for the project because the benefits which will flow therefrom are futuristic. It is settled in this state that the benefit of any given public project is measured by its available potential, not the immediate use to which it can be put.

" * * * It is clearly the settled law of this state that in determining whether property is benefited by a particular improvement the inquiry is not limited to the present use of the property but, rather, to uses to

which it may be put, including such as may be rendered more feasible by the carrying out of the project in connection with which the assessment is levied." *Crampton v Royal Oak,* 362 Mich 503, 517 (1961).

Plaintiffs next contend that they should not be required to pay for the project because the value of their property will not be enhanced by an amount equal to the amount of the assessment. However, a benefit to property does not necessarily have to be measured in terms of market value.

"It is true that special assessments for a public improvement, such as a drain, must be based on the special benefits to the land assessed therefor. Cross-appellants claim that such benefits must be measured by the enhanced value of the land due to the drain as determined many years after the drain was constructed. This is not correct. Drains are not only for the purpose of improving the land, but are also for improving the sanitation and health of the residents and municipalities of the entire district. The exact and actual monetary benefit to any individual parcel of land would be difficult to measure and at most can only be estimated with a fair degree of exactness." *Oakland Drain Com'r v Royal Oak,* 325 Mich 298, 313 (1949).

In the instant case the service drive will be a direct benefit to all the industrial facilities. It will facilitate the loading and unloading of trucks as well as making ingress and egress easier for employees. The parking area will also be a direct benefit to the assessed property. Therefore, since the properties will directly benefit from the project, any contention concerning market values is irrelevant.

Plaintiffs next argue that the assessments of $1.28 per square foot against lands valued at $.55 per square foot so greatly exceed the 25 percent limitations expressed in MCLA 104.5; MSA 5.1829

and MCLA 68.5; MSA 5.1353 that they would constitute confiscation of plaintiffs' property without due process of law. Plaintiffs further contend that the failure of the Legislature to carry out the mandate of Const 1908, art 8, § 20, which required it to adopt general laws limiting the rate of taxation of all cities affects the validity of defendant's assessments, and that because the Legislature placed a limitation of 25 percent of assessed land value on special assessments in fourth class cities and in villages, but not on home-rule cities,[1] they have been deprived of the equal protection of the laws in violation of Const 1963, art 1, § 2.

The statutes plaintiffs cite as limiting the special assessments on their properties are inapplicable to home rule cities and pertain only to fourth class cities and villages.

There are no specific constitutional or statutory limitations on the amount of special assessment to be levied in home rule cities. 1969 PA 41, § 1 (MCLA 117.5; MSA 5.2084); Const 1963, art 7, § 21; Const 1908, art 8, § 20.

Nor does the failure of the Legislature to impose such limitations affect the validity of defendant's assessment. See *Dooley v Detroit,* 370 Mich 194 (1936), where the Supreme Court, p 217, said:

"Constitutionally-ordained powers of home-rule cities cannot be allowed to be wholly thwarted by failure of the Legislature to comply with its own duty to impose limitations upon such powers by general law."

Defendant has the power to assess pursuant to Const 1963, art 7, § 21 and MCLA 117.4d(1); MSA 5.2077.

Plaintiffs' reliance on *Auditor General v Konwinski,* 244 Mich 384 (1928), to support their con-

---

[1] Oak Park is a home rule city.

tention that they are being denied equal protection of the laws is completely unfounded; there the Court was speaking strictly in terms of uniformity of assessment within a taxing district. The trial court has found such uniformity to exist in the instant case. Such a finding is not unreasonable based on the testimony heard below.

Finally, plaintiffs contend that they should not be required to pay for the entire cost of the proposed project because the citizens of the city at large will also receive major benefits, *i.e.* less congestion on Eleven Mile Road as well as use of the parking lot and service drive.

It is the settled law of this state that special assessments are to be sustained upon the theory that the property assessed receives some corresponding special benefit from the public improvement which the general public does not receive. *City of Lansing v Jenison,* 201 Mich 491 (1918). Such assessments must be levied in proportion to the special benefit received. *Crampton v Royal Oak,* 362 Mich 503 (1961).

Eleven Mile Road is a major thoroughfare in the City of Oak Park. It is heavily traveled by the city's citizens. It does, therefore, appear that the citizens of the city at large will receive more than an incidental benefit from the proposed project. Indeed the trial court, in its opinion, found that the purpose of the project is to *improve traffic conditions on Eleven Mile Road* and relieve parking problems. (Emphasis supplied.)

The proposed project will result in two benefits. The first benefit will be the result of the physical facilities constructed, *i.e.* the use of the service drive and the parking lot. The receipt of this benefit will be primarily by the landowners. The second benefit is the reduction of traffic congestion

on Eleven Mile Road. This lack of congestion will primarily benefit the citizens of the city at large.

It is our opinion that the burden placed upon the plaintiffs is too onerous. Plaintiffs will receive some special benefit from the proposed project and for that benefit they should be required to pay. However, since the project will also benefit the city at large, the assessment should provide for a fair part of the cost to be covered by the public. Thus, requiring plaintiffs to pay the entire cost is not in keeping with the theory upon which special assessments are upheld.

The special assessment is vacated and the cause is remanded to the trial court for further proof and a new determination of the issue in accordance with this opinion.

All concurred.