ALMIRA TOWNSHIP v BENZIE COUNTY TAX ALLOCATION
BOARD

1. TAXATION—TAX TRIBUNAL ACT—RULES OF PROCEDURE—ADMINIS-
TRATIVE PROCEDURES ACT—SECRETARY OF STATE—STATUTES.

The Tax Tribunal Act authorizes the Tax Tribunal to promulgate
its rules of procedure in accordance with the Administrative
Procedures Act; the Administrative Procedures Act requires
that the rules promulgated by the tribunal be filed with the
Secretary of State (MCLA 24.201 *et seq.,* 205.732[d]; MSA
3.560[101] *et seq.,* 7.650[32] [d]).

2. ADMINISTRATIVE LAW—RULES OF PROCEDURE—UNIFORM PROCESS.

Rules of procedure are intended to lend stability, order, and
uniformity to a forum's proceedings; therefore, the promulga-
tion of rules of practice and procedure must itself conform to a
uniform process so as to afford a degree of permanency to those
rules.

3. TAXATION—TAX TRIBUNAL—PRELIMINARY PROCEEDINGS—TAX TRI-
BUNAL ACT—SECRETARY OF STATE—ADMINISTRATIVE PROCE-
DURES ACT—STATUTES.

The method by which the Tax Tribunal provided for preliminary
proceedings in a property tax millage dispute was in contraven-
tion of the Tax Tribunal Act where the rules for the procedure
followed were not filed with the Secretary of State as required
by the Tax Tribunal Act in accordance with the Administrative
Procedures Act, but were established by an ad hoc tribunal's
order to the litigants (MCLA 24.205[6], 205.732[d]; MSA
3.560[105] [6], 7.650[32] [d]).

4. TAXATION—TAX TRIBUNAL—DECISIONS—TAX TRIBUNAL ACT—FIND-
INGS OF FACT—CONCLUSIONS OF LAW—STATUTES.

A decision by the Tax Tribunal does not conform to the require-

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law § 278 *et seq.*
[3] 72 Am Jur 2d, State and Local Taxation §§ 706, 794.
[4] 72 Am Jur 2d, State and Local Taxation § 787.
[5] 72 Am Jur 2d, State and Local Taxation §§ 787, 817–830.
[6, 7] 2 Am Jur 2d, Administrative Law §§ 482, 522–524, 677, 756.

ments of the Tax Tribunal Act where it does not contain a concise statement of the findings of fact and conclusions of law used in reaching its decision; merely stating that the tribunal has reviewed the evidence and finds it to be insufficient as a basis for relief is not an adequate statement (MCLA 205.751; MSA 7.650[51]).

5. TAXATION—TAX TRIBUNAL—GUIDELINES—PROPERTY TAX LIMITATION ACT—COUNTY TAX ALLOCATION BOARDS—APPEAL AND ERROR—PROPERTY TAX MILLAGE—STATUTES.

The Tax Tribunal must conform to the guidelines provided in the Property Tax Limitation Act when reviewing a county tax allocation board's determination regarding the allocation of property tax millage (MCLA 211.217; MSA 7.77).

6. TAXATION—TAX TRIBUNAL—PROCEEDINGS—DE NOVO PROCEEDINGS —COUNTY TAX ALLOCATION BOARDS—MISTAKE OF FACT—FRAUD —ERROR OF LAW—STATUTES.

The proceedings of the Tax Tribunal are de novo but a determination by a county tax allocation board should not be disturbed unless a review of all the evidence clearly establishes that a material mistake of fact, fraud or an error of law occurred incident to the board's proceedings (MCLA 205.735, 211.217; MSA 7.650[35], 7.77).

7. TAXATION—PROPERTY TAX MILLAGE ALLOCATION—LOCAL CONCERNS —TAX TRIBUNAL—LOCAL DECISIONS—PUBLIC POLICY—MISTAKE OF FACT—FRAUD—MISTAKE OF LAW—STATUTES.

Considerations involved in the allocation of property tax millage are of peculiarly local concern; the Tax Tribunal must accord deference to local decisions concerning the distribution of financial resources among competing local governmental units rendering services to the community since it is a centralized state agency that is not in a position to weigh the relative importance of the competing services on the local community level; therefore, as a matter of public policy, a county tax allocation board's determination should be disturbed by the Tax Tribunal only if a review of all the evidence clearly establishes that a material mistake of fact, fraud or an error of law occurred incident to the board's proceedings (MCLA 211.217; MSA 7.77).

Appeal from the Michigan Tax Tribunal. Submitted November 1, 1977, at Lansing. (Docket No. 31425.) Decided January 23, 1978.

The townships of Almira, Blaine, Colfax, Crystal Lake, Gilmore, Homestead, Inland, Joyfield and Weldon appealed a property tax millage allocation by the Benzie County Tax Allocation Board to the Michigan Tax Tribunal. The Tax Tribunal affirmed. The townships appeal. Reversed and remanded.

*Bauckham, Reed, Lang, Schaefer & Travis,* for petitioners.

*Berlin & VanThielen,* for respondent.

Before: J. H. GILLIS, P. J., and BASHARA and H. L. HEADING,* JJ.

BASHARA, J. Petitioners appeal an order of the Michigan Tax Tribunal affirming an allocation of property tax millage made by respondent pursuant to § 11 of the Property Tax Limitation Act.[1]

After petitioners' initiation of review proceedings, the tribunal issued an order setting a date for a "preliminary" hearing. That order stated that the purpose of the hearing was "to take testimony, to examine the basis of Petitioner's allegations and the nature of proofs pursuant to MCLA 211.217; MSA 7.77, *tending to show* 'a material mistake of fact, fraud or error of law' in the division of the net limitation tax rate and thereby *to determine the need for further proceedings in this matter".* (Emphasis added.)

At the conclusion of the hearing before three members of the tribunal a short recess was taken.

---

* Detroit Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] MCLA 211.201 *et seq.;* MSA 7.61 *et seq.;* specifically MCLA 211.211; MSA 7.71.

When the tribunal reconvened the presiding member announced the following determination:

"As I indicated just before we recessed here to consider this matter, the Tribunal regards an allocation hearing as of the utmost priority for which reason we wanted to give this our consideration early. Having taken the testimony and examining the proofs submitted, it is the unanimous opinion of this Tribunal that there has been no showing of material mistake, fraud or error of law sufficient to justify proceedings further in this matter. Therefore, the cause is dismissed with prejudice, but without cost to either party, and a written order will be entered accordingly. We thank both sides very much for your patience. This hearing is concluded."

Challenges to that decision are raised by petitioners on both procedural and substantive grounds. Petitioners argue that the tribunal was without authority to decide the merits of the controversy by preliminary proceedings.

Section 32(d) of the Tax Tribunal Act[2] authorizes the tribunal to promulgate rules of procedure. MCLA 205.732(d); MSA 7.650(32)(d). However, that section also requires that the mode of promulgation be in accordance with the Administrative Procedures Act of 1969. MCLA 24.201 *et seq.;* MSA 3.560(101) *et seq.* That act requires, by definition in § 5(6), that the rules promulgated be filed with the Secretary of State. MCLA 24.205(6); MSA 3.560(105)(6). The procedure followed in this case was not by a rule so filed, but by an ad hoc procedure established in the tribunal's order to the litigants. Accordingly, we must conclude that the method by which the tribunal provided for preliminary proceedings in this case was in contravention of the Tax Tribunal Act.

---

[2] MCLA 205.701 *et seq.;* MSA 7.650(1) *et seq.*

Rules of procedure are intended to lend stability, order, and uniformity to a forum's proceedings. Therefore, the promulgation of rules of practice and procedure must itself conform to a uniform process so as to afford a degree of permanency to those rules. To permit a forum to alter its rules of practice by fiat would result in significant uncertainty for prospective litigants. They would be unable to ascertain the method by which to advocate their rights before the forum and left without standards by which they could anticipate the forum's decision process.

The instant case is illustrative of the foregoing. By denominating the proceedings as "preliminary", there was nothing in the administrative code of procedure to which reference could be made to guide the conduct of the hearing. See 1975 AACS, R 205.1101 *et seq. In petitioners' opening statement, counsel indicated that sufficient evidence would be presented to establish a prima facie case of error in the respondent's determination. Reference was made in petitioners' closing argument to the preliminary nature of the hearing. Apparently, petitioners anticipated that in deciding whether further proceedings were warranted, the tribunal would view the evidence in a light most favorable to their position. We are unable to discern from the record the standard of review ultimately used by the tribunal.*

Respondent maintains that whatever the nature of the proceedings, the rights of petitioners were not thereby prejudiced, since there was no curtailment of petitioners' ability to present evidence. We find this argument unpersuasive. It is not the extent of the allowable presentation that we deem to be material, but rather the extent of preparation that was indicated by the nature of the pro-

ceedings. The hearing was to be a preliminary proceeding. Petitioners' counsel had a right to expect that a full evidentiary presentation of his clients' position would not be anticipated by the tribunal. Consequently, only an abbreviated evidentiary description of the case would be prepared, omitting possibly significant portions of testimony and exhibits that would be presented in a full hearing on the merits.

We must therefore conclude that the petitioners' right to a review of the respondent's decision by the tribunal was prejudiced by the order for preliminary proceedings. This is not to deny that the tribunal may promulgate rules for preliminary proceedings in the interest of forum efficiency. We require only that the promulgation of those rules be in conformity with the Administrative Procedures Act and adequately alert those practicing before the tribunal as to the mode of conduct of such proceedings.

Petitioners also contend that the tribunal's decision does not conform to the requirements of the Tax Tribunal Act, because it fails to state findings of fact and conclusions of law. We address this issue to guide the proceedings on remand.

Initially, we must note that the legislation creating the tribunal mandates that its decisions be rendered only upon "participation of the entire tribunal". MCLA 205.734; MSA 7.650(34). Here, a decision was rendered with participation by only three members of the seven-member tribunal. It is also required by § 51 that the decisions include a concise statement of the findings of fact and conclusions of law. MCLA 205.751; MSA 7.650(51). This requirement is described with greater particularity in § 85[3] of the Administrative Procedures

---

[3] Section 85 provides as follows:

"A final decision or order of an agency in a contested case shall be

Act. MCLA 24.285; MSA 3.560(185). Tribunal hearings are made subject to that provision by § 26 of the Tax Tribunal Act. MCLA 205.726; MSA 7.650(26).

It is especially important that the latter requisite be satisfied. Only if the decisions of the tribunal contain the factual and legal basis of determination will appellate review be facilitated. Because that basis is absent from the decision in the instant case, we are unable to evaluate petitioners' claim of substantive error. Merely stating that the tribunal has reviewed the evidence and finds it to be insufficient as a basis for relief is *not* adequate. *Ann Arbor Township v State Tax Commission,* 393 Mich 682; 227 NW2d 784 (1975).

Proceedings of the tribunal are *de novo,* according to § 35 of the Tax Tribunal Act. MCLA 205.735; MSA 7.650(35). However, when reviewing a determination, such as made by respondent in this case, the tribunal must conform to the guidelines provided in § 17 of the Property Tax Limitation Act. MCLA 211.217; MSA 7.77.

Considerations involved in the allocation of property tax millage are of peculiarly local concern. Deference must be accorded to local decisions

made, within a reasonable period, in writing or stated in the record and shall include findings of fact and conclusions of law. Findings of fact shall be based exclusively on the evidence and on matters officially noticed. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting them. If a party submits proposed findings of fact which would control the decision or order, the decision or order shall include a ruling upon each proposed finding. Each conclusion of law shall be supported by authority or reasoned opinion. A decision or order shall not be made except upon consideration of the record as a whole or such portion thereof as may be cited by any party to the proceeding and as supported by and in accordance with the competent, material and substantial evidence. A copy of the decision or order shall be delivered or mailed forthwith to each party and to his attorney of record."

concerning the distribution of financial resources among competing local governmental units rendering services to the community. The tribunal is a centralized state agency that is not in a position to ascertain and weigh the relative importance of competing services on the local community level. Therefore, as a matter of public policy, the county allocation board's determination should be disturbed only if a review of all the evidence clearly establishes that a "material mistake of fact, fraud or an error of law" occurred incident to the board's proceedings. MCLA 211.217; MSA 7.77. To that extent, the *de novo* proceedings of the tribunal are constrained.

Reversed and remanded for proceedings consistent with this opinion. No costs, a public question being involved.