KONFAL v CHARTER TOWNSHIP OF DELHI

Docket No. 77-5047. Submitted March 12, 1979, at Lansing.—Decided
    July 9, 1979.

   Respondent Charter Township of Delhi adopted a resolution
   approving a special tax assessment roll for the purpose of
   constructing a sanitary sewer. Petitioner Maria Konfal owned a
   single family dwelling and ten acres of land located within the
   special assessment district, and, accordingly, a special tax
   assessment of $10,725 was levied upon her property. Petitioner
   brought an action in the Michigan Tax Tribunal alleging that
   the assessment was invalid, and sought to restrain respondent
   from proceeding with the project. The tax tribunal issued an ex
   parte restraining order and scheduled a show cause hearing.
   On the day of the scheduled show cause hearing, a tribunal
   member indicated that the matter would be heard on the
   merits pursuant to the understanding reached in chambers.
   Following testimony on behalf of both parties, a decision affirm-
   ing the special assessment was rendered by the three tribunal
   members who heard the evidence. Petitioner appeals. *Held:*

       1. No error resulted from the fact that the Tax Tribunal
   reached the merits of the case at the hearing held on the date
   scheduled for the preliminary hearing, since the parties mani-
   fested consent that the hearing be on the merits and made no
   objection to proceeding on the merits.

       2. A decision in a proceeding before the Michigan Tax Tribu-
   nal can be rendered when only three of the seven members of
   the tribunal participate in the decision, since, while a decision
   shall not be without the participation of the "entire tribunal",
   the term "entire tribunal" is statutorily defined as meaning
   three or more members of the Tax Tribunal.

       3. A taxpayer challenging a special assessment has the
   burden of showing that no special benefit has been conferred

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 72 Am Jur 2d, State and Local Taxation § 787.
[3] 70 Am Jur 2d, Special or Local Assessments § 9.
[4] 4 Am Jur 2d, Appeal and Error § 76.
[5] 70 Am Jur 2d, Special or Local Assessments § 21.

upon the subject property, since there is a presumption that the tax levy is valid.

4. Findings of fact made by the Tax Tribunal are binding upon the Court of Appeals in its review of appeals of the tribunal's decisions.

5. A taxing authority is not limited to the present use of the subject property in its determination of the amount of benefit conferred by a particular improvement upon the subject property, but rather, the taxing authority may look to any use to which the property may be put for the purpose of its inquiry as to whether the benefit conferred exceeds the amount of the special assessment.

Affirmed.

1. TAXATION — TAX TRIBUNAL — PROCEEDINGS — SCOPE OF THE PROCEEDINGS.

   The Michigan Tax Tribunal may reach the merits of a case coming before it where, although the hearing was scheduled only to determine whether a preliminary injunction should issue, the parties manifested consent that the hearing be on the merits and no objection to proceeding on the merits was raised.

2. TAXATION — TAX TRIBUNAL — DECISIONS — "ENTIRE TRIBUNAL" — WORDS AND PHRASES — STATUTES.

   A decision in a proceeding before the Michigan Tax Tribunal can be rendered when only three of the seven members of the tribunal participate in the decision, since, while a decision shall not be made without the participation of the "entire tribunal", the term "entire tribunal" has been statutorily defined as meaning three or more members of the Tax Tribunal (MCL 205.703[b], 205.734; MSA 7.650[3][b], 7.650[34]).

3. TAXATION — REAL PROPERTY — SPECIAL ASSESSMENT — CHALLENGES TO ASSESSMENTS — BURDEN OF PROOF.

   A taxpayer challenging a special tax assessment has the burden of showing that no special benefit has been conferred upon the subject property, since there is a presumption that the tax levy is valid.

4. APPEAL AND ERROR — TAXATION — TAX TRIBUNAL — FINDINGS OF FACT.

   Findings of facts made by the Michigan Tax Tribunal are binding upon the Court of Appeals.

5. TAXATION — REAL PROPERTY — SPECIAL ASSESSMENT — PRESENT USE OF LAND — POTENTIAL USE OF LAND — BENEFIT.

   A taxing authority is not limited to present use of the property in

its determination of the amount of benefit conferred by the particular improvement upon the subject property subject to a special tax assessment, but rather, the taxing authority may look to any use to which the property may be put for the purpose of its inquiry as to whether the benefit conferred exceeds the amount of the special assessment.

*Sinas, Dramis, Brake, Turner, Boughton, McIntyre & Reisig, P.C.* (by *Tim J. Donovan*), for plaintiff.

*Church, Wyble, Kritselis, Anderson & Robinson, P.C.,* for defendant.

Before: CYNAR, P.J., and J. H. GILLIS and N. A. BAGULEY,* JJ.

J. H. GILLIS, J. Petitioner appeals an order of the Michigan Tax Tribunal affirming a special tax assessment of $10,725 upon her property.

On October 3, 1977, Delhi Township adopted a resolution approving a special tax assessment roll for the purpose of constructing a sanitary sewer. Petitioner owns a single family dwelling and ten acres of land located within the special assessment district.

After receiving her assessment, petitioner filed the instant action in the Tax Tribunal seeking to restrain respondent from proceeding with the project. Petitioner alleged the special assessment on her property was invalid for a number of reasons. The Tax Tribunal issued an *ex parte* restraining order of November 16, 1977, and ordered a show cause hearing to be held on December 1, 1977. In the interim, respondent filed a motion to dissolve or modify the *ex parte* restraining order.

On December 1, 1977, the parties appeared for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the scheduled hearing. At the outset of the proceedings, tribunal member Cramer indicated that the parties had met in chambers and it was understood that the matter would be heard on the merits. Following testimony on behalf of both parties, a decision was rendered affirming the special assessment.

On appeal plaintiff claims the tribunal erred in reaching the merits of the case when the hearing was scheduled only to determine whether a preliminary injunction should issue.

In *Almira Twp v Benzie County Tax Allocation Board,* 80 Mich App 755; 265 NW2d 39 (1978), the tribunal scheduled a preliminary hearing to determine the need for further proceedings. Following the presentation of testimony, a decision on the merits was rendered. This Court reversed, holding that the petitioner's right to review had been prejudiced by this procedure.

The instant case is distinguishable on the facts. In *Almira,* the petitioner's presentation was predicated on the assumption that the hearing was not on the merits. In the case at bar, prior to commencing the hearing, the parties manifested consent that the hearing be on the merits. We see no reason why the parties may not stipulate to expand the original scope of the hearing. Moreover, had petitioner felt inadequately prepared to proceed to a final adjudication, an objection could have been raised at the time.

Petitioner also contends that the decision of the tribunal was made without the participation of the entire tribunal. Only three of the seven members of the tribunal participated in the decision.

MCL 205.734; MSA 7.650(34) provides, in part:

"One or more members of the tribunal shall hear

proceedings, but a decision shall not be made without participation of the entire tribunal."

While at first glance it would appear from the above that all seven members of the tribunal must participate in a decision, § 3 of the Tax Tribunal Act defines "entire tribunal" to mean three or more members of the tribunal:

" 'Entire tribunal' means *3 or more* of the members appointed and serving pursuant to this act." MCL 205.703(b); MSA 7.650(3)(b). (Emphasis added.)

There is dicta in *Almira, supra,* which would indicate participation by all seven members is necessary.[1] However, *Almira* failed to take into account the above definition of "entire tribunal". This writer confesses error for having joined in that portion of the opinion.

Petitioner finally contends that the special assessment was invalid because the amount of the assessment exceeded any benefit conferred upon petitioner's land.

The theory behind special assessments is that a special benefit has been conferred, over and above that conferred upon the community in general. *Fluckey v Plymouth,* 358 Mich 447; 100 NW2d 486 (1960). A special benefit may be found from an increase in value, relief from burden, or creation of a special adaptability in the land. *Soncoff v Inkster,* 22 Mich App 358; 177 NW2d 243 (1970).

One who challenges a special assessment carries a heavy burden of proof, since there is a presump-

---

[1] "Initially, we must note that the legislation creating the tribunal mandates that its decisions be rendered only upon 'participation of the entire tribunal'. MCL 205.734; MSA 7.650(34). Here, a decision was rendered with participation by only three members of the seven-member tribunal." *Almira Twp v Benzie County Tax Allocation Board,* 80 Mich App 755, 760; 265 NW2d 39 (1978).

tion that the levy is valid. *Tack v Roseville,* 67 Mich App 34; 239 NW2d 752 (1976).

Petitioner's expert witness, William Porter, initially testified that the installation of the sewer would result in a net increase in value of $6,500. However, as the tribunal noted, this figure was arrived at by assuming the property could be subdivided and sold for $50 per foot of frontage. Mr. Porter's own testimony indicates that $62 per foot was the average for the properties in the area he had used for comparison purposes. Using this figure, the tribunal concluded that the increase in value due to the sewer would exceed the amount of the assessment. Findings of fact made by the tribunal are binding upon this Court. *Ironwood v Gobebic County Board of Comm'rs,* 84 Mich App 464; 269 NW2d 642 (1978).

Petitioner argues, nonetheless, that any such benefit could be realized only if petitioner changed the existing use of her property from farming to residential development. Petitioner contends that it was error to look at future potential rather than the present, actual use of the land.

In determining whether property is benefited by a particular improvement, the inquiry is not limited to the present use of the property but, rather, to uses to which it may be put. *Crampton v Royal Oak,* 362 Mich 503, 517; 108 NW2d 16 (1961), *Stybel Plumbing, Inc v Oak Park,* 40 Mich App 108; 198 NW2d 782 (1972).

Petitioner cites *Leonard Capaldi Contracting Co, Inc v Fraser,* 70 Mich App 227; 245 NW2d 575 (1976), in support of her position. In that case the assessed property was used as an airport. While the installation of sewer and water lines would have been beneficial to the property if used for residential purposes, such use would decrease the

value of the property from $10,000 to less than $3,500 per acre.

The Court reaffirmed the rule that the assessing authorities are not restricted to examining present use, but may look to potential use. The Court then went on to say:

"But we refuse to extend that ruling to what would amount to a logical absurdity. We are urged to hold that although residential use by plaintiffs here might devaluate their investment to as low as one-third of the acreage value of the land in its present use as an airport, that if the assessment increases the value of the premises for residential use in relation to the amount of the assessment, that it must be upheld. We decline to do so." *Leonard Capaldi Contracting Co, Inc, supra,* at 232.

In the instant case it is undisputed that the use of petitioner's property for residential purposes would increase the market value of the land. Hence, the rationale of *Capaldi* has no application here.

Affirmed. No costs, a public question being involved.