CITY OF TROY v CLEVELAND PNEUMATIC TOOL COMPANY

Docket No. 50920. Submitted May 6, 1981, at Lansing.—Decided September 10, 1981.

The Cleveland Pneumatic Tool Company, an Ohio corporation, entered into a contract with High Performance Machines, Inc., of Troy, Michigan, whereby High Performance would update a tooling machine by the addition of new parts to the machine's base castings, which were shipped to High Performance for the job. The City of Troy assessed the machine as personal property while it was in the possession of High Performance. Cleveland Pneumatic successfully challenged the assessment before the local board of review and the city sought review in the Tax Tribunal. The Tax Tribunal upheld the assessment and Cleveland Pneumatic appeals. *Held:*

1. Cleveland Pneumatic contends that the base castings constituted "goods in process" and were therefore exempt from taxation as inventory. The Legislature did not intend an exemption for such materials. The castings were not unfinished goods ultimately intended as an item for resale in the normal course of business. Therefore, the statutory exemption for goods in process does not apply to the castings.

2. Whether the partially updated machine, and other parts purchased by High Performance for updating other machines under the contract, are taxable depends upon whether those items were allowed a deduction or allowance for depreciation under the Internal Revenue Code. The case must be remanded for further proceedings on this issue as well as on the value to be placed on the non-exempt castings.

3. The burden of proof of establishing the cash value of the property should be upon the party asserting before the Tax Tribunal that the assessment was in error. Because the tribu-

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 145, 146.
[2] 71 Am Jur 2d, State and Local Taxation §§ 355, 356.
What constitutes manufacturing and who is a manufacturer under tax laws. 17 ALR3d 7.
[3] 73 Am Jur 2d, Statutes § 236.
[4] 72 Am Jur 2d, State and Local Taxation § 780.

nal has not promulgated rules in this regard, it is incumbent upon the tribunal to allocate the burden of proof on the various issues and give the parties sufficient advance notice of the allocation.

4. If the partially updated machine is ultimately held not to be exempt from taxation true cash value should be determined by reference to how much a willing buyer would pay for the unfinished machine on the tax date.

Reversed and remanded.

1. STATUTES — JUDICIAL CONSTRUCTION.

The cardinal rule of statutory construction is to ascertain and give effect to the legislative intent.

2. TAXATION — PERSONAL PROPERTY TAX — EXEMPTIONS FROM TAXA-
TION — INVENTORY — STATUTES.

The statutory exemption from personal property taxation of "goods in process" as "inventory" applies only to a business whose finished goods, goods in process, and raw materials are intimately associated with its own manufacturing process of goods for resale (MCL 211.9c[2][b]; MSA 7.9[3][2][b]).

3. STATUTES — AMENDMENT OF STATUTES.

A change in phraseology in an amendment to a statute raises a presumption that a change in meaning was also intended.

4. TAXATION — TAX TRIBUNAL — VALUE OF PROPERTY — BURDEN OF
PROOF — STATUTES.

The petitioner in a dispute before the Tax Tribunal relative to the value of property for taxation purposes has the burden of establishing the true cash value of the property (MCL 205.737[3]; MSA 7.650[37][3]).

*William S. Wolanin,* City Attorney, for petitioner.

*Cook & Pringle, P.C.* (by *Alexander J. Lelli, Jr.),* for respondent.

Before: M. J. KELLY, P.J., and BRONSON and R. M. DANIELS,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

BRONSON, J. Respondent appeals by right the holding of the Tax Tribunal finding that its machine· was not exempt from personal property taxation as "inventory" and determining its true cash value to be $81,775.

The subject of this assessment dispute is a large tooling machine owned by respondent. Respondent, an Ohio corporation with facilities in Ohio, entered into a contract with High Performance Machines, Inc. (hereinafter HPM), a corporation with its place of business in Troy, Michigan, to retrofit the machine. Retrofitting is a process by which the usable portions of an old machine are integrated with new parts and advanced technology to transform the machine into a modernized, automated piece of equipment. As concerns this dispute, it appears that the major usable portions of the machine were base castings, and the electrical systems, drive trains, and motors were to be new parts designed to adapt the machine for computerized operation.

Leo Burton of HPM testified before the Tax Tribunal that the old parts sent by respondent were worth "almost nothing". The asessed value imposed by the Tax Tribunal was based on HPM's 1977 personal property statement which reported $163,550 paid by respondent for labor and materials involved in the retrofitting process.[1] The $163,-550 figure was reduced by 50% in accordance with the "Assessors Manual, 1972 edition, Chapter XV, page 3" dealing with construction in process. Thus, the Tax Tribunal's true cash value for the ma-

---

[1] The $163,550 figure actually represented amounts expended to obtain new parts and materials to retrofit three machines owned by respondent. Each machine was to be retrofitted sequentially. Thus, while HPM had only the base castings for the first machine, it was purchasing all the materials needed to complete the retrofitting process on all three machines.

chine was identical to that earlier imposed by the Troy city assessor.[2]

The first question we must resolve is whether any portion of respondent's machine is exempt from taxation as inventory. MCL 211.9c; MSA 7.9(3). For purposes of this inquiry, we believe the base castings and the new materials purchased by HPM to be used in the retrofitting process must be separately considered.

MCL 211.9c; MSA 7.9(3) provides in pertinent part:

"Sec. 9c. (1) Inventory property shall be exempt from taxation under this act effective with the 1976 tax year.

"(2) As used in this section, 'inventory' means:

"(a) The stock of goods held for resale in the regular course of trade of a retail or wholesale business.

"(b) Finished goods, goods in process, and raw materials of a manufacturing business.

"(c) Materials and supplies, including repair parts and fuel."

Respondent contends that the base castings constituted "goods in process" and were therefore inventory. The definition of "inventory" established by the Legislature is not entirely clear, necessitating our resort to construction. The cardinal principle of statutory construction is to ascertain and give effect to the legislative intent. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956).

We do not believe that the Legislature envisioned a tax exemption for old materials owned by

---

[2] Following the assessor's valuation, respondent successfully appealed to the local Board of Review on the theory that the machine and parts were "inventory" exempt from personal taxation pursuant to MCL 211.9c; MSA 7.9(3). The city petitioned the Tax Tribunal for review and prevailed in that forum.

companies in the position of respondent. There can be no doubt that, insofar as the old parts shipped to HPM are concerned, they were "goods, chattels, and effects" belonging to respondent within the meaning of MCL 211.8(a); MSA 7.8(a). The parts of the old machine shipped to HPM continued to belong to respondent and never became the "goods" of HPM. Respondent is not a manufacturing business which fabricates finished products from base castings and other parts. As such, it cannot claim the benefit of the inventory exception embodied in MCL 211.9c(2)(b); MSA 7.9(3)(2)(b). We believe that the inventory exception under consideration here only applies to a business whose "finished goods, goods in process, and raw materials" are intimately associated with its own manufacturing process of goods for resale. In other words, for the goods in process exemption to apply, the unfinished goods must ultimately be intended as an item for resale during the normal course of the business claiming the exemption. We therefore uphold the Tax Tribunal decision insofar as it involves the status of the old parts sent by respondent to HPM.[3] Before turning to the question of how the value of the old parts should have been determined, we address the issue of whether any other value added to the machine, as represented by the progress payments, was taxable as personal property.

The in-progress retrofitting of the machine falls within the definition of inventory as "goods in

[3] The Tax Tribunal did not consider whether the old parts could be classified as inventory within the meaning of MCL 211.9c(2)(b); MSA 7.9(3)(2)(b). Instead, the tribunal impliedly assumed for purposes of its opinion that the old parts could be considered exempt inventory. However, no exemption was actually permitted because the tribunal found that the property was allowed a deduction or allowance for depreciation under the Federal Internal Revenue Code. As such, even if the property were inventory, MCL 211.9c(3); MSA 7.9(3)(3) precluded the exemption.

process" of a manufacturing business. The few old parts used in the process of retrofitting are actually being used by HPM in the manufacture of an entirely new machine. This retrofitting is intimately associated with HPM's manufacturing business as a fabricator of new machines—both from scratch and through the retrofitting process. Similarly, the parts purchased by HPM to be used ultimately in retrofitting respondent's two other machines are inventory as either "raw materials of a manufacturing business" pursuant to MCL 211.9c(2)(b); MSA 7.9(3)(2)(b) or as "materials and supplies" within the meaning of MCL 211.9c(2)(c); MSA 7.9(3)(2)(c).

The question of taxability of the partially retrofitted machine (a good in process) and the parts to be used in retrofitting the other machines (materials) turns on whether these items were "allowed a deduction or allowance for depreciation" by the Internal Revenue Code. MCL 211.9c(3); MSA 7.9(3)(3). The Tax Tribunal held that respondent's machine was personal property for which a depreciation deduction was allowable and, since respondent failed to present evidence to the contrary, the tribunal held that the machine did not cease to be a depreciable asset when under a contract to be retrofitted.

The burden of proof problems posed in this case will be considered *infra.* Since this case must be remanded to the Tax Tribunal for further proceedings concerning the value to be placed on the nonexempt portions of the old machine, we also direct the tribunal to reopen the proofs concerning whether depreciation would be allowed respondent on the partially completed retrofitted machine and the parts purchased by HPM to be used in retrofitting respondent's two other machines in the fu-

ture. Respondent raises a significant question concerning whether under the Internal Revenue Code depreciation would be allowed for its partially retrofitted machine which had not yet been placed into service. It appears that there may be substantial merit to respondent's contention that the retrofitting actually will create an entirely new asset, for purposes of the Internal Revenue Code, which is not depreciable until the asset is placed into service. See IRC Reg 1.167(a)-10(b).[4]

The Tax Tribunal placed the burden of proving both eligiblity for an exemption and cash value of the asset on the respondent taxpayer. Respondent argues that both allocations of the burden of proof were contrary to law. At the time of the proceedings before the tribunal each party assumed that the other would bear the burden of proof on the material issues. Respondent believed that since it prevailed before the Board of Review and was the respondent before the Tax Tribunal, the city, as the petitioner, carried the burden of proof. Petitioner, on the other hand, adopted the position that the taxpayer always has the burden of proof.

MCL 205.737(3); MSA 7.650(37)(3) provides that the petitioner has the burden of proof in establishing the true cash value of the property in dispute. The tribunal's opinion states as follows concerning this statutory provision:

"Under MCLA 205.737(3), the Petitioner has the bur-

---

[4] We do not mean to imply that respondent should necessarily prevail on this issue. Petitioner argues that under the Asset Depreciation Range system of depreciation, respondent would be allowed a deduction on the partially completed retrofitted machine. The problem is that the record at hand is totally devoid of any testimony or other evidence actually detailing how the Internal Revenue Service would treat the issue of respondent's machine's depreciability. Moreover, neither party cites us to relevant federal authority. Thus, the record lacks both sufficient factual findings and legal citations for us to reach a conclusion on this aspect of the case.

den of proof in establishing true cash value and the assessing agency has the burden of proof in establishing the average level of assessments. In this matter, the petitioner and assessing agency are one and the same. However, the tribunal has addressed this apparent paradox of nomenclature in *City of Detroit, Petitioner v E L Rice & Company and Norman Allan & Company, Respondents* (MTT Dockets 10420 and 10423), a dispute involving omitted personal property, in which it stated on page 7:

" '* * * the tribunal is firm in its belief that the *taxpayer,* regardless of litigorial denomination as petitioner or respondent, has the burden of proof as to such matters as true cash value * * *; as the substantive facts of which are more readily found within the knowledge of said taxpayer vis-à-vis the taxing authority.' "

We conclude that the Tax Tribunal erred in its construction of the statute. The precursor to MCL 205.737(3); MSA 7.650(37)(3), being MCL 205.737(1); MSA 7.650(37)(1),[5] provided that the taxpayer bears the burden of establishing the value of his property. In construing an amendment to a statute, a change in phraseology raises a presumption that a change in meaning was also intended. *Lawrence Baking Co v Unemployment Compensation Comm,* 308 Mich 198, 205; 13 NW2d 260 (1944), cert den 323 US 738; 65 S Ct 43; 89 L Ed 591 (1944), *Michigan Transportation Co v Secretary of State,* 41 Mich App 654, 665; 201 NW2d 83 (1972), lv den 389 Mich 767 (1973). We find nothing to suggest that the Legislature intended anything other than to change the allocation of the burden of proof vis-à-vis true cash value when amending MCL 205.737; MSA 7.650(37). The Legislature was apparently dissatisfied with allocating the burden of proof in all cases to the taxpayer and determined that the party who loses in the early stages

[5] 1973 PA 186, § 37(1).

of the tax dispute on the issue of true cash value should shoulder the obligation of proving that the value should be computed differently in the Tax Tribunal.[6]

Petitioner cites two cases from this Court which rely on the amended MCL 205.737; MSA 7.650(37), stating that the burden on the issue of true cash value is on the taxpayer. See *Consolidated Aluminum Corp, Inc v Richmond Twp*, 88 Mich App 229, 232; 276 NW2d 566 (1979), *Kern v Pontiac Twp*, 93 Mich App 612, 620; 287 NW2d 603 (1979). While these cases could be read as contrary to our holding, in both instances the taxpayer was also the petitioner. To the extent that our colleagues in *Consolidated Aluminum* and *Kern* really meant that the taxpayer always bears the burden of proving true cash value, we specifically disagree with them in light of the amendment to MCL 205.737; MSA 7.650(37).

Turning to the issue of which party should have borne the burden of proof on whether the property was exempt from taxation, we note that the property tax statutes do not specifically allocate the burden of proof on this issue. By MCL 205.726; MSA 7.650(26), tribunal hearings are to be conducted in accordance with the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* However, unlike the federal administrative procedures act, 5 USC 551 *et seq.,* the Michigan act does not explicitly allocate the burden of proof in contested cases.[7]

By MCL 205.732(d); MSA 7.650(32)(d), the Tax Tribunal is allowed to promulgate rules for practice and procedure before it. However, the tribunal

---

[6] The hearings officer in this case found the machine exempt from taxation but held in the alternative that its true cash value was zero.

[7] 5 USC 556(d) specifically places the burden of proof on the proponent of the rule or order.

has not promulgated rules with respect to the allocation of the burden of proof. Instead, following the close of the petitioner's proofs, the tribunal informed respondent that it had the burden of proof based upon its incorrect construction of MCL 205.737(3); MSA 7.650(37)(3).

In *Almira Twp v Benzie County Tax Allocation Board,* 80 Mich App 755, 758-760; 265 NW2d 39 (1978), one panel of this Court held that the Tax Tribunal had to promulgate rules of procedure in accordance with the Administrative Procedures Act. This Court found that the tribunal could not properly follow an ad hoc procedure established in its order to the litigants. The method followed by the tribunal in this case is even more egregious than that used in *Almira Twp.* Here, the parties were not explicitly told who had the burden of proof until midway through the proceedings.

While we conclude that *Almira Twp* requires us to remand this case, we do not believe that the burden of proof question must be allocated by rule in accordance with the Administrative Procedures Act. We agree with the panel's decision in *Superior Public Rights, Inc v Dep't of Natural Resources,* 80 Mich App 72, 80; 263 NW2d 290 (1977), *lv den* 406 Mich 926 (1979), that an agency may allocate burdens of proof by rule or decision so long as the allocation is consistent with the legislative scheme being administered. Nonetheless, in all cases, the parties must have sufficient notice of who is to bear the burden of proof on each issue for the proceedings to be deemed consonant with procedural due process.

On remand, the tribunal must allocate the burden of proof on the exemption issue and give the parties sufficient advance notice of this allocation. While we do not mean to resolve the allocation

problem for the tribunal, the following analysis should be considered by the Tax Tribunal.

Petitioner states that the burden of proving a tax exemption is always on the taxpayer. It is true that many cases flatly assert this proposition. See, for instance, *Evanston YMCA Camp v State Tax Comm,* 369 Mich 1, 8; 118 NW2d 818 (1962), *app dis* 375 US 19; 84 S Ct 63; 11 L Ed 2d 39 (1963). However, this rule arose in a setting in which taxpayer appeals were the norm. The principle behind the restrictive construction of exemption provisions is largely absent here. The exemption of inventory from personal property taxation was dependent upon the enactment of the Single Business Tax Act, MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.* See 1975 PA 234, § 2. The principle of restrictive construction of exemption provisions is not particularly compelling where the purpose of the exemption statute is to avoid double taxation. The single business tax is a modified value-added tax, intended to tax the value of business activity conducted in this state. Haughey, *The Economic Logic of the Single Business Tax,* 22 Wayne L Rev 1017 (1976). "Inventory" exempt from personal property taxes will nonetheless be taxed at some point in time under the Single Business Tax Act. As such, the rationale behind the restrictive construction principle is not operative. The personal property tax exemption will not mean the property will escape taxation but, rather, one tax will be substituted for another. Compare, *American Title Ins Co v Detroit,* 102 Mich App 679; 302 NW2d 278 (1981).[8]

---

[8] In the context of this case it probably does not matter who has the burden of proof on the exemption issue. In all likelihood respondent's tax returns will be dispositive since they will show whether a deduction for depreciation was allowed. These records are probably available to the taxing unit through the Commissioner of Revenue. IRC 6103. In any case the tribunal rules allow reasonable discovery so

The remaining question is how true cash value of the non-exempt property is to be established. This question we basically leave to the Tax Tribunal's expertise in taxation matters. We do note, however, our disagreement with respondent's contention that the old parts sent to HPM have no value. Clearly, respondent would not have undertaken the expense of having the parts shipped to Michigan if this would not reduce the ultimate cost of obtaining a machine which performs the functions desired by respondent. Instead, respondent would merely have ordered an entirely new machine. If the partially retrofitted machine is ultimately held not to be exempt from taxation, true cash value should be determined by reference to how much money a willing buyer would pay for the unfinished machine on the tax date.

Respondent raises no other issues entitling it to relief.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full and significant issues of statutory construction having been presented.

that if the burden of proof was placed on the city it would have available means to meet this burden.