ZENITH INDUSTRIAL CORPORATION v DEPARTMENT OF
TREASURY

Docket No. 66529. Submitted April 21, 1983, at Lansing.—Decided
October 5, 1983.

Zenith Industrial Corporation filed Michigan and federal corporate income tax returns for the periods ending June 30, 1975, and December 31, 1975. Subsequent to an audit by the Internal Revenue Service, Zenith was assessed additional federal corporate income taxes and thereafter Zenith paid a deficiency for the federal taxes. The State Department of Treasury received notice of the deficiency assessment from the Internal Revenue Service. The state issued deficiency assessments and assessments for related penalties and interest against Zenith. Zenith filed a petition with the Tax Tribunal for a review of the deficiency assessments, alleging that they were issued after the limitation period had run. The hearing officer dismissed Zenith's petition, finding that the record did not contain evidence of the expiration date of the limitation period and that Zenith did not meet its burden of proof. The tribunal adopted the hearing officer's opinion as its final order. Zenith appealed, alleging that the tribunal erred in (1) concluding that no evidence was presented showing the termination date of the federal tax audit and (2) not adjourning the hearing to prevent unfairness due to the failure of the tribunal to notify the parties of the burden of proof. *Held:*

1. The Tax Tribunal erred in finding that no evidence was presented showing the termination date of the federal tax audit. Zenith's president testified that he believed that the audits were concluded on October 23, 1979. Nothing in the record suggests that the date that the audit was concluded was other than that claimed by Zenith. The Tax Tribunal should reconsider its decision based on an awareness that the taxpayer

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 391.
   29 Am Jur 2d, Evidence §§ 127, 128, 132.
[2] 51 Am Jur 2d, Limitation of Actions § 485.

presented some evidence showing the completion date of the federal tax audit.

2. The Tax Tribunal abused its discretion in not adjourning the hearing. The tribunal failed to notify the parties of the allocation of the burden of proof and decided the case based on its allocation. Zenith never received notice of what it was required to prove. On remand, the tribunal should inform the parties of its allocation of the burden of proving the date of completion of the federal audit.

Reversed and remanded.

1. ADMINISTRATIVE LAW — BURDENS OF PROOF.

An administrative agency may allocate burdens of proof by rule or by ad hoc decision so long as the allocation is consistent with the legislative scheme being administered; the parties must have sufficient notice of the allocation of the burden of proof, however, for the proceedings to be deemed consonant with prevailing notions of procedural due process where the allocation is in a manner other than that which would be expected.

2. LIMITATION OF ACTIONS — BURDENS OF PROOF.

Generally, the burden of proving facts in avoidance of a period of limitation is on the party relying on the claim of avoidance.

*Doherty & Thomas, P.C.* (by *James C. Thomas*), and *Joseph W. Thomas & Associates* (by *Joseph W. Thomas*), for petitioner.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Richard R. Roesch* and *Thomas J. Kenny*, Assistants Attorney General, for respondent.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and N. J. KAUFMAN,* JJ.

PER CURIAM. The taxpayer appeals as of right from an order of the Michigan Tax Tribunal upholding corporate income tax assessments for the year 1975.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

The taxpayer filed its Michigan corporate income tax returns for the periods ending June 30, 1975, and December 31, 1975, on March 16, 1976, and September 20, 1976, respectively. An audit for the periods covered by these returns was conducted by the federal Internal Revenue Service. The taxpayer never waived the limitations period for assessing state tax deficiencies. Petitioner was ultimately assessed additional federal corporate income taxes. It did not notify the State Treasury Department of these assessments. The taxpayer settled with the IRS and paid a deficiency on its 1975 federal taxes. The State Treasury Department received information of the deficiency assessment from the federal IRS. Based on this information, the state issued deficiency assessments against the taxpayer and assessments for related penalties and interest.

On May 12, 1981, the taxpayer petitioned the Tax Tribunal for review of the deficiency assessments, contending that they were issued after the expiration of the applicable period of limitation. In its answer, respondent claimed that the statute of limitations had been tolled during the period of the IRS audit and by the taxpayer's failure to notify the state of changes in its federal tax liability.

A hearing was held before the tribunal's hearing officer. At the close of both parties' proofs, the taxpayer moved for an adjournment in order to present the testimony of an employee of its accounting firm. The employee allegedly would have testified concerning the date of the conclusion of the federal audit. This motion was denied. The Treasury Department moved for a directed verdict. The hearing officer treated it as a motion to dismiss and granted it. He stated that the record did

not contain evidence of the date of the expiration of the period of limitation. He held that the taxpayer did not meet its burden of proof. The hearing officer's opinion was adopted as the final decision of the tribunal.

On appeal, the taxpayer claims that the tribunal's conclusion that no evidence was presented showing the termination date of the federal tax audit was wrong. We agree. As claimed by the taxpayer, its president stated that the audit was concluded on October 23, 1979, even though he later stated that he was uncertain about the date. Although respondent objected to the use of leading questions immediately after that testimony was given, this objection was not timely and did not prevent admission of the evidence. See *Baltimore & O R Co v State ex rel Black,* 107 Md 642; 69 A 439, 443 (1908). See also 1 Wigmore, Evidence (3d ed), § 18, p 323. Under the circumstances, respondent should have moved to strike the evidence. See *State v Bradley,* 72 Ariz 16; 230 P2d 216 (1951). The same date of conclusion could have been inferred from the testimony of the state's witness, Mr. Kirvan. Although the evidence is not extremely convincing, it does appear in the record (contrary to the tribunal's assertion). Nothing in the record suggests that the date of conclusion was other than that claimed by the taxpayer. The tribunal incorrectly summarized the facts. It must reconsider its decision based on an awareness that the taxpayer presented some evidence showing the completion date of the federal tax audit.

Petitioner sought an adjournment in order to present additional evidence concerning the date of the conclusion of the federal audit. We believe that the tribunal's denial of the taxpayer's motion to adjourn was an abuse of discretion. We agree

with the taxpayer's argument that the adjournment should have been granted to prevent unfairness due to the failure of the tribunal to notify the parties of the burden of proof. The burden of proof in this case was not specifically allocated by statute or rule, the parties were not notified of it prior to the hearing and the allocation could not be predicted from the language of the statute itself. An administrative agency may allocate burdens of proof by rule or by ad hoc decision so long as the allocation is consistent with the legislative scheme being administered. *Superior Public Rights, Inc v Dep't of Natural Resources,* 80 Mich App 72, 80; 263 NW2d 290 (1977). The parties must have sufficient notice of the allocation of the burden of proof, however, for the proceedings to be deemed consonant with prevailing notions of procedural due process. *Troy v Cleveland Pneumatic Tool Co,* 109 Mich App 361, 370; 311 NW2d 782 (1981).

The taxpayer argues persuasively that, in the present case, it reasonably expected the tribunal to impose the burden of proving a tolling of the period of limitation on the taxing unit. Generally, the burden of proving facts in avoidance of the statute of limitations is on the party relying on the claim of avoidance, 20 Michigan Law & Practice, Statute of Limitations, § 16, pp 570-571. It was definitely within the power of the tribunal to shift the burden of proof to the taxpayer if it concluded that the taxpayer was best able to present the evidence necessary to determine the date of the conclusion of the IRS audit. See *Brashers v Jefferson,* 64 Mich App 540, 555; 236 NW2d 132 (1975). When the burden of proof is allocated in a manner other than that which would be expected, however, the tribunal should notify the parties or avoid basing its decision on a failure to sustain the

burden. Because the tribunal failed to notify the parties of the allocation of the burden of proof and decided the case based on its allocation, the taxpayer never received notice of what it was required to prove. The denial of the taxpayer's motion to adjourn was, therefore, an abuse of discretion. The abuse of discretion is especially obvious in this case in which the state did not clearly assert facts indicating that it would contest the taxpayer's factual claims. The prehearing summaries all indicate that this was to be a case decided on legal questions alone. It was only after the proofs were submitted that the factual claims of the taxpayer were clearly contested. The action of the Tax Tribunal, in denying the motion to adjourn, was grossly unfair and clearly an abuse of discretion.

On remand, the tribunal should inform the parties of its allocation of the burden of proving the date of completion of the federal audit. Both parties should be allowed to present evidence. The tribunal must then decide if the taxpayer's claim is factually correct.[1]

Reversed and remanded. No costs, a public question. We do not retain jurisdiction.

---

[1] We express no opinion on the soundness of the taxpayer's legal theory based on its interpretation of the relevant statutory provisions, which has yet to be considered by the tribunal.