ACKERBERG v GRANT COMMUNITY HOSPITAL

Docket No. 70853. Submitted January 10, 1984, at Grand Rapids.—Decided October 15, 1984.

Claimant, Karla Ackerberg, sought unemployment benefits and her former employer, Grant Community Hospital, contested her claim for benefits. The claim arose out of a factual situation wherein, following a dispute over a requested unpaid personal leave of absence, the claimant was discharged from employment. The employer contended that the claimant voluntarily left work. The Employment Security Commission initially determined that the claimant was ineligible for benefits and affirmed that determination on redetermination. Claimant appealed and a hearing referee awarded the claimant benefits. The employer appealed from the referee's decision and the Employment Security Board of Review affirmed. The employer appealed to the Muskegon Circuit Court which affirmed. The employer appeals. *Held:*

1. The referee found that the claimant was not discharged for misconduct connected with her work. The employer's failure to challenge this finding by raising the issue before the board of review precluded its consideration by the circuit court or the Court of Appeals.

2. The claimant did not intend her remarks to her supervisors to operate as an immediately effective resignation. The employer kept the claimant from performing further work by discharging her. The Court of Appeals declined to create a doctrine of constructive voluntary leaving applicable where, as here, the claimant was in fact discharged and the employer failed to sustain the discharge as one for misconduct connected with work.

3. The claimant is not disqualified from obtaining benefits because the employer has failed to show that the claimant falls

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Unemployment Compensation § 59.
[2, 5] 76 Am Jur 2d, Unemployment Compensation §§ 93, 94.
[3] 2 Am Jur 2d, Administrative Law § 595.
[4] 76 Am Jur 2d, Unemployment Compensation § 32.

within the express terms of one of the disqualifications stated in § 29 of the Michigan Employment Security Act.

4. The Employment Security Commission has standing to raise the issue regarding whether the claimant is entitled to benefits only for the period between when she was discharged and the date on which she had announced her intention to begin a 1-1/2 year leave of absence with or without approval. The claimant did not commit herself irrevocably to leave work voluntarily. The statute disqualifies individuals who leave work voluntarily without good cause attributable to the employer; it does not permit disqualification based on speculation as to what an individual would have done if he or she had not been discharged.

Affirmed.

1. UNEMPLOYMENT COMPENSATION — EMPLOYMENT SECURITY ACT — DISQUALIFICATION FOR BENEFITS.

An individual is disqualified for unemployment benefits pursuant to the Michigan Employment Security Act where he left work voluntarily without good cause attributable to the employer or employing unit or was discharged for misconduct connected with his work; the act does not permit disqualification on the basis of speculation as to what the individual would have done if he or she had not been discharged (MCL 421.29; MSA 17.531).

2. UNEMPLOYMENT COMPENSATION — EMPLOYMENT SECURITY BOARD OF REVIEW — APPEAL.

A decision of the Employment Security Board of Review may be reversed only if it is contrary to law or not supported by competent, material, and substantial evidence on the whole record (MCL 421.38[1]; MSA 17.540[1]).

3. ADMINISTRATIVE LAW — APPEAL — EXHAUSTION OF REMEDIES.

Courts will not act in contravention of administrative agencies where the remedies available through administrative channels have not been pursued to completion.

4. UNEMPLOYMENT COMPENSATION — EMPLOYMENT SECURITY ACT — DISQUALIFICATION FOR BENEFITS.

The Michigan Employment Security Act is remedial in nature, thus, a claimant is not disqualified from obtaining benefits under the act unless the claimant falls within the express terms of one of the disqualifications stated in the act (MCL 421.2, 421.29; MSA 17.502, 17.531).

5. UNEMPLOYMENT COMPENSATION — EMPLOYMENT SECURITY COMMISSION — APPEAL — PARTIES.

The Michigan Employment Security Commission is an interested

party having standing to raise issues in appeals from determinations by the Employment Security Board of Review (MCL 421.36[3]; MSA 17.538[3]).

*Charlene Canvasser Brooks,* for Grant Community Hospital.

*Libner, Van Leuven & Kortering, P.C.* (by *John W. Thornton, Jr.),* for Karla Ackerberg.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Jack Blumenkopf,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: MacKenzie, P.J., and Beasley and K. B. Glaser, Jr.,* JJ.

K. B. Glaser, J. Grant Community Hospital, the former employer of Karla Ackerberg, contests her claim for unemployment benefits. The Employment Security Commission initially determined that claimant Ackerberg was ineligible for benefits and affirmed that determination on redetermination pursuant to MCL 421.32a; MSA 17.534(1). Claimant appealed and the matter was heard by a referee pursuant to MCL 421.33; MSA 17.535. The referee awarded claimant benefits. The decision of the referee was affirmed by the Employment Security Board of Review on appeal by the employer pursuant to MCL 421.34; MSA 17.536. The decision of the board of review was affirmed in turn by the circuit court on review pursuant to MCL 421.38; MSA 17.540. The employer appeals as of right.

Disqualification from unemployment benefits is controlled by MCL 421.29; MSA 17.531, which provides in relevant part:

* Circuit judge, sitting on the Court of Appeals by assignment.

"(1) An individual shall be disqualified for benefits in the following cases in which the individual:

"(a) Left work voluntarily without good cause attributable to the employer or employing unit. * * *

"(b) Was discharged for misconduct connected with the individual's work * * *."

A decision of the board of review may be reversed only if it is contrary to law or not supported by competent, material, and substantial evidence on the whole record. MCL 421.38(1); MSA 17.540(1). The following findings of fact by the referee were adopted by the board of review and were not challenged on appeal:

"The parties * * * agree that on March 20, 1981, the claimant completed and submitted a leave of absence form requesting an unpaid personal leave of absence which was to begin as of March 27, 1981, and extend for a period of a year and a half after that date. Apparently the claimant's request was submitted through proper channels and on March 23, 1981, a meeting was conducted between the claimant, her supervisor, Ms. Barbara Puff, and the Director of Patient Care Services, Ms. Nancy Schulte. The parties agree that the claimant was advised the employer would not approve the requested one and one-half year leave of absence, but in the alternative, the claimant was offered a 30-day leave of absence by the employer. Apparently the claimant indicated that inasmuch as she had properly submitted a leave of absence request and since there was no limit specified for leaves of absence in the employer policy handbook, she felt the employer was without authority to deny her request and she informed Ms. Puff and Ms. Schulte that she intended to begin a year and a half leave of absence effective March 27, 1981, with or without their approval.

"Apparently Ms. Schulte and Ms. Puff interpreted the claimant's remarks as an expression of an intent to quit effective March 27, 1981, and Ms. Schulte at this point informed the claimant that the employer's needs would not be served by having the claimant stay on the job

until March 27, 1981, and the employment relationship was going to be terminated effective immediately. The parties agreed that the claimant vacated the employer premises shortly after this conversation."

The referee found that the claimant was not discharged for misconduct connected with her work. The employer challenges that finding in its brief on appeal, but the record of the administrative proceedings shows that the employer did not raise this issue before the board of review. Courts will not act in contravention of administrative agencies where the remedies available through administrative channels have not been pursued to completion. *Judges of the 74th Judicial Dist v Bay County,* 385 Mich 710, 728; 190 NW2d 219 (1971). The employer's failure to raise this issue before the board of review therefore precluded its consideration by the circuit court and precludes consideration by us.

Before the board of review, the employer argued that the facts found by the referee showed that claimant left work voluntarily without good cause attributable to the employer. However, in *Copper Range Co v Unemployment Compensation Comm,* 320 Mich 460, 469-470; 31 NW2d 692 (1948), the Court declined to adopt a doctrine of constructive voluntary leaving in a case in which the claimant was actually discharged by the employer. In *Thomas v Employment Security Comm,* 356 Mich 665, 669; 97 NW2d 784 (1959), the Court held:

"The voluntary assumption of a risk which an employee knows may, but he trusts and assumes will not, keep him from work is not the voluntary leaving of his work. Doing an act, even though voluntarily, which results, contrary to the doer's hopes, wishes and intent, in his being kept forcibly from his work is not the same as voluntarily leaving his work. The statute mentions

the latter, but not the former, as an act disqualifying for benefits."

Both of these decisions emphasize that, because of the remedial purpose of the act, expressed in MCL 421.2; MSA 17.502, a claimant is not disqualified from obtaining benefits under the act unless the claimant falls within the express terms of one of the disqualifications stated in MCL 421.29; MSA 17.531.

The claimant here did not intend her remarks to her supervisors to operate as an immediately effective resignation. The employer kept the claimant from performing further work by discharging her. We decline to create a doctrine of constructive voluntary leaving applicable where, as here, the claimant was in fact discharged and the employer failed to sustain the discharge as one for misconduct connected with work. Because the employer has failed to show that the claimant falls within the express terms of one of the disqualifications stated in MCL 421.29; MSA 17.531, the claimant is not disqualified from obtaining benefits.

The Employment Security Commission argues that the claimant is entitled to benefits only for the period between March 23 and March 27, 1981, because the claimant announced her intention to begin a year and a half leave of absence on the latter date with or without the employer's approval. We note that the commission has standing to raise this issue; see MCL 421.36(3); MSA 17.538(3). However, the claimant did not resign as of March 27, 1981; instead, she asserted what she believed to be her rights under her employer's policies. The claimant did not commit herself irrevocably to leaving work voluntarily on March 27. Because the employer discharged the claimant

on March 23, we can only speculate as to what the claimant would have done on March 27. The statute disqualifies individuals who leave work voluntarily without good cause attributable to the employer; it does not permit disqualification on the basis of speculation as to what an individual would have done if he or she had not been discharged.

Affirmed.