WATSON v MURDOCK'S FOOD AND WET GOODS

Docket No. 78569. Submitted November 6, 1985, at Detroit.—Decided February 4, 1986.

Claimant, Michelle Watson, was employed as a waitress at the respondent restaurant, Murdock's Food and Wet Goods. Claimant left work on May 5, 1983, due to complications related to her pregnancy and upon her doctor's advice that she refrain from work involving lifting or bending. Claimant then filed for unemployment benefits with the Michigan Employment Security Commission. The commission denied the request on the ground that claimant was not able and available to perform work. Claimant then sought a redetermination, which was granted by the commission. The commission again denied the claim based upon its finding that claimant had left work voluntarily without good cause attributable to the employer. Claimant filed an appeal from the redetermination, whereupon a hearing was held before a commission referee. Following the hearing, the referee filed a decision affirming the denial of the claim. Claimant then appealed to the Michigan Employment Security Board of Review which affirmed the referee's decision. Claimant appealed to the Oakland Circuit Court which affirmed, David F. Breck, J. Claimant appeals from the order affirming the Michigan Employment Security Board of Review's denial of the claim. *Held:*

1. Claimant was properly denied unemployment benefits. It cannot be denied that claimant left work with good cause, however, her termination can be attributed only to her circumstances, not to her employer. Section 29(1)(a) of the Employment Security Act applies to this action. Under this section, claimant was disqualified for benefits since her termination, although for good cause, was not for good cause attributable to the employer.

2. The competent, material and substantial evidence presented in the record supports the board of review's conclusion

References

Am Jur 2d, Unemployment Compensation, §§ 5, 32 *et seq.*

Eligibility for unemployment compensation of employee who retires voluntarily. 88 ALR3d 274.

that claimant left work voluntarily without good cause attributable to her employer.

Affirmed.

1. UNEMPLOYMENT COMPENSATION — EMPLOYMENT SECURITY ACT.

The Employment Security Act is intended to provide relief to those persons able and available to perform work but who are prevented from so doing by economic forces beyond their control; the act is not intended to provide a form of mandatory health or disability insurance at the expense of the employers who fund the system (MCL 421.1 et seq.; MSA 17.501 et seq.).

2. UNEMPLOYMENT COMPENSATION — EMPLOYMENT SECURITY ACT.

The Employment Security Act provides that a claimant who left work voluntarily without good cause attributable to the employer may be disqualified from the receipt of unemployment compensation benefits (MCL 421.29[1][a]; MSA 17.531[1][a]).

*Michael E. Piston,* for claimant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Dennis J. Grifka,* Assistant Attorney General, for Michigan Employment Security Commission.

Before: SHEPHERD, P.J., and J. H. GILLIS and P. J. CLULO,* JJ.

PER CURIAM. Claimant appeals as of right from an order of the circuit court affirming the Michigan Employment Security Board of Review's denial of her claim for unemployment benefits.

Claimant was employed as a waitress at Murdock's Food and Wet Goods, the respondent restaurant, from August, 1977, until May 5, 1983. Claimant left work on that date due to complications related to her pregnancy. Specifically, claimant was diagnosed as suffering from a separation of the symphysis pubis, *i.e.,* pubic bone, and, as a result, her physician restricted her from perform-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ing work which involved lifting or bending. Claimant provided her employer with a note from her doctor to that effect. Claimant testified that no discussion took place, and that her employer walked away after reading the note, whereupon she left the restaurant. Claimant assumed that the employer understood that she could no longer work due to the health problems and thus she did not return. Further, she had no intention of returning to her employment with respondent after the baby was born, and thus the separation, to her mind, was permanent.

After she terminated her employment with respondent, claimant filed a claim for unemployment benefits with the Michigan Employment Security Commission (MESC). The commission denied the request on the ground that she was not able and available to perform work, as required for elegibility by MCL 421.28(1)(c); MSA 17.530(1)(c). Claimant requested a redetermination but her claim was again denied by the commission, this time relying upon MCL 421.29(1)(a); MSA 17.531(1)(a), which provides for the disqualification of persons who have "[l]eft work voluntarily without good cause attributable to the employer * * *".

Claimant filed an appeal from the redetermination, whereupon a hearing was held before an MESC referee. On August 8, 1983, the referee filed his decision affirming the denial of the claim. In the opinion, the referee indicated that his decision to affirm the denial was based primarily upon claimant's failure to give her employer an opportunity to provide her with work which would not violate the medical restrictions imposed by her doctor. He further opined that her failure to make reasonable inquiries of other job duties in an attempt to maintain the work relationship thus constituted a voluntary termination of that rela-

tionship. The claimant then appealed to the Michigan Employment Security Board of Review, which affirmed the referee's decision. On appeal to the circuit court, the review board's decision was affirmed.

Claimant argues on appeal that the referee erred in denying her claim due to her failure to request a transfer to employment that she was capable of performing since no such work existed at the restaurant. Thus, since a transfer request would have been futile, her claim should not have been denied on this basis.

Accepting the validity of the above-stated argument, we nonetheless conclude that claimant was properly denied unemployment benefits, but for a more fundamental reason. Her claim is based upon the assumption that a person who is compelled to remove herself from the labor market due to some health problem, including complications related to pregnancy, is entitled to recover unemployment benefits. We disagree, since we believe that the Employment Security Act was intended to provide relief to those persons "able and available" to perform work but who are prevented from so doing by economic forces beyond their control. *I M Dach Underwear Co v Employment Security Comm,* 347 Mich 465, 472; 80 NW2d 193 (1956). The act was not intended to provide a form of mandatory health or disability insurance at the expense of the employers who fund the system.

The question presented here can be posed more specifically as whether § 29(1)(a) is applicable, *i.e.,* has claimant "[l]eft work voluntarily without good cause attributable to the employer * * *". Obviously, the word "voluntary", taken alone, is capable of two meanings under these facts. In a sense, claimant's separation from employment was involuntary since she did not choose to suffer from a

medical condition which requires that she avoid the bending and lifting required in her job. On the other hand, the absence can be construed as a voluntary and wise decision based upon the advice of her doctor. The question, then, is which meaning was intended by the Legislature. We believe that the answer can be derived from the modifying phrase "without good cause *attributable to the employer*". In the case before us, it certainly cannot be denied that claimant left with good cause. Her own health and that of her baby were at stake. Thus, if the modifying phrase did not include the portion emphasized above, § 29(1)(a) would be clearly inapplicable. However, when the emphasized portion is included, it becomes clear that claimant was intended to be disqualified by this section. Although her termination was for good cause, it can be attributed only to her own circumstances, and not to her employer.

Claimant cites cases from other jurisdictions which would appear to support her claim. However, each of these cases is distinguishable since they involve facts or the construction of statutes dissimilar in some crucial aspect from our own. For example, in *Wilson Trailer Co v Iowa Employment Security Comm,* 168 NW2d 771 (Iowa, 1969), the claimant was not requesting unemployment benefits during the period of his disability, as is the claimant here. Rather, he was fired by his employer for taking an excessive absence from work after having 24 teeth extracted. His entitlement to benefits following his termination then depended upon the application of a statute which required that the claimant prove that he left his employment because of an illness or injury upon the advice of a physician, that he informed his employer immediately of the necessity for the absence, and that after recovery he returned to

work with a certificate of recovery by a licensed physician. *Wilson,* p 775. Thus, *Wilson* involved the construction of a statute entirely different from our own. Further, the claimant there did not seek unemployment benefits during the period that he was unable to work due to illness, but rather for a period subsequent to his recovery when he was willing and available to return to his job, but was prevented from doing so by his employer.

In *Harraka v Board of Review of Dep't of Employment Security,* 98 RI 197; 200 A2d 595 (1964), the statute provided for ineligibility where the claimant "leaves work voluntarily without good cause * * *". *Harraka,* p 200. Thus, the statute did not require that the good cause be attributable to the employer. This distinction from our own statute permitted the court to award benefits to a claimant who left work voluntarily due to his fear of exposure to chemicals, which the court found as a matter of law to be good cause. *Harraka,* p 203.

Another example is *Deiss v Unemployment Compensation Board of Review,* 475 Pa 547; 381 A2d 132 (1977). The statute involved in that case provided for ineligibility where the "unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature * * *". Again, if our own statute were written similarly, we could easily conclude that claimant was not disqualified since her medical problems can certainly be characterized as of a necessitous and compelling nature. However, such is not the case, and thus the cases cited by claimant are of little assistance in construing our own statute.

We conclude that the circuit court correctly affirmed the denial of unemployment benefits to claimant. The competent, material and substantial evidence presented in the record supports the

board of review's conclusion that claimant left work voluntarily without good cause attributable to her employer. MCL 421.29(1)(a); MSA 17.531(1)(a).

Affirmed.