TAYLOR v UNITED STATES POSTAL SERVICE

Docket No. 91044. Submitted June 18, 1987, at Detroit. Decided September 10, 1987.

Claimant, Geneva Taylor, was employed by the United States Postal Service. She became pregnant and ceased working when her employer advised her that it did not have any work available which fit within certain restrictions placed on her ability to work by her physician. Claimant filed for unemployment compensation benefits and the Michigan Employment Security Commission held that she was disqualified from receiving benefits because she was unable to perform her normal job duties. The claimant requested and received a redetermination and the MESC affirmed its previous decision. Claimant then requested and received a referee's hearing which was also adverse to the claimant. Claimant appealed to the Michigan Employment Security Commission Board of Review which affirmed the referee's decision. Claimant then appealed to the Wayne Circuit Court. The circuit court, Michael J. Connor, J., affirmed the decision of the Board of Review. Claimant appeals by leave granted.

The Court of Appeals *held:*

1. The decision by the MESC that claimant was not able to perform work for which she had previously received wages and that she was therefore ineligible for benefits was supported by the record.

2. The Court of Appeals disagreed with claimant's assumption that a person who is compelled to remove herself from the labor market due to some health problem, including complications related to pregnancy, is entitled to recover unemployment benefits. The Court noted that the intent of the Employment

REFERENCES

Am Jur 2d, Administrative Law §§ 553 *et seq.*; 688.

Am Jur 2d, Appeal and Error §§ 948 *et seq.*

Termination of employment becuase of pregnancy as affecting right to unemployment compensation. 51 ALR3d 254.

Administrative decision of finding based on evidence secured outside of hearing, and without presence of interested party or counsel. 18 ALR2d 552.

Security Act is to provide relief to persons able and available to perform work but who are prevented from doing so by economic forces beyond their control.

3. There was competent evidence to support the MESC determination.

Affirmed.

1. UNEMPLOYMENT COMPENSATION — ELIGIBILITY FOR BENEFITS — BURDEN OF PROOF.

The claimant in an unemployment compensation case has the burden of proof to establish his eligibility for benefits (MCL 421.28[1][c]; MSA 17.530[1][c]).

2. UNEMPLOYMENT COMPENSATION — EMPLOYMENT SECURITY ACT.

The intent of the Employment Security Act is to provide relief to those persons able and available to perform work but who are prevented from doing so by economic forces beyond their control; the act is not intended to provide a form of mandatory health or disability insurance at the expense of the employers who fund the system (MCL 421.1 *et seq.*; MSA 17.501 *et seq.*).

3. APPEAL — EMPLOYMENT SECURITY COMMISSION BOARD OF REVIEW.

A circuit court, in an appeal from a decision by the Employment Security Commission Board of Review, may reverse an order of the board only if it finds that the order is contrary to law or is not supported by competent, material and substantial evidence on the whole record (MCL 421.38; MSA 17.540).

4. WORDS AND PHRASES — SUBSTANTIAL EVIDENCE TEST.

The substantial evidence test requires more than a scintilla of evidence, but somewhat less than a preponderance; the concept describes something consisting of more than a mere trace, but considerably less than evidence which outweighs the evidence against it.

5. ADMINISTRATIVE LAW — APPEAL — FINDINGS OF FACT.

A court reviewing determinations by an administrative agency must accord due deference to administrative expertise and not invade the province of exclusive administrative fact-finding by displacing the agency's choice between two reasonably differing views.

6. UNEMPLOYMENT COMPENSATION — APPEAL — EMPLOYMENT SECURITY COMMISSION BOARD OF REVIEW — PRESERVING QUESTION.

The failure of a claimant to raise an issue before the Employment Security Commission Board of Review precludes the claimant from raising the issue on review before the Court of Appeals.

*Wayne County Neighborhood Legal Services* (by *Candace Crowley*), for claimant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gunther C. Schwarze,* Assistant Attorney General, for the Employment Security Commission.

Before: HOOD, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

PER CURIAM. Claimant appeals by leave granted from an order of the Wayne Circuit Court affirming a decision of the Michigan Employment Security Commission Board of Review. The board in turn had affirmed a decision by an MESC referee denying claimant's claim for unemployment compensation benefits.

Geneva Taylor, the claimant, worked for the United States Postal Service as a mail carrier, beginning on January 10, 1981. She became pregnant in 1984, and her physician placed restrictions on her ability to work, specifying: (1) no lifting of anything weighing over twenty to twenty-five pounds; (2) no more than two hours of standing or sitting, alternating; (3) no excessive bending, stooping or stretching; (4) no pushing or pulling of anything weighing more than twenty to twenty-five pounds; and (5) inside work only. Claimant's employer advised her that it did not have any work available which fit within her physician's restrictions, and she ceased working as of August 25, 1984.

Claimant then filed for unemployment compensation benefits, and MESC issued a determination which held that she was disqualified from receiving benefits because she was unable to perform her

---

* Circuit judge, sitting on the Court of Appeals by assignment.

normal job duties. Claimant requested and received a redetermination, and the MESC affirmed its previous decision. Claimant then requested and received a referee's hearing. She represented herself at the referee's hearing. The referee's decision was also adverse to claimant and she appealed to the board, which affirmed the decision of the referee. Claimant then filed a claim of appeal in Wayne Circuit Court, where the board's decision was affirmed. This Court then granted claimant's application for leave to appeal.

As her first claim of error, claimant argues that she was improperly denied benefits under § 28(1)(c) of the Michigan Employment Security Act (MESA). She states that, despite the restrictions placed on her employment, she was able and available for work at other jobs for which she had received wages in the past.

Section 28(1)(c) of the MESA provides:

(1) An unemployed individual shall be eligible to receive benefits with respect to any week only if the commission finds that:

* * *

(c) The individual is able and available to perform suitable full-time work of a character which the individual is qualified to perform by past experience or training, which is of a character generally similar to work for which the individual has previously received wages, and for which the individual is available, full time, either at a locality at which the individual earned wages for insured work during his or her base period or at a locality where it is found by the commission that such work is available. [MCL 421.28(1)(c); MSA 17.530(1)(c).]

As the claimant in an unemployment compensation case, the claimant herein had the burden of

proof to establish her eligibility for benefits under § 28. *Dwyer v Unemployment Compensation Comm,* 321 Mich 178; 32 NW2d 434 (1948). In this case, the claimant quite obviously could not perform the services of a mail carrier, which was the only classification she had with the postal service. The only proof of eligibility offered by claimant, in fact, was her testimony in which she stated that she thought she could do sales work. Claimant stated that she had worked as a salesperson for a period of nine months at some time prior to working for the postal service. She admitted that salespersons usually stand on their feet all day, but opined that she could sit or stand. Claimant's physician, however, clearly restricted her from any type of employment requiring sitting or standing longer than two hours, or lifting, pushing or pulling anything over twenty or twenty-five pounds, or from any excessive bending, stooping or stretching. Furthermore, Alexander Brown, claimants' supervisor at the postal service, testified that regular clerical workers at the postal office who did sales work were required to push, pull or lift more than twenty to twenty-five pounds, to sit, stand or stoop for more than two hours at a time and that their job often required them to bend over. Based upon all the evidence presented, the MESC determined that claimant was not able to perform work for which she had received wages and that she was therefore ineligible for benefits. We find that the decision of the MESC was supported by the record. We are not dealing here with a forced leave of absence or a failure by the MESC to consider previous employment or any claim of improper treatment based on pregnancy. In this case, it was factually determined that claimant was unable to do the work for which she previously received wages, including both postal-related employment

or any type of sales-related employment, because of the restrictions imposed by her physician.

This case is quite similar to and commands a similar result as *Watson v Murdock's Food & Wet Goods,* 148 Mich App 802; 385 NW2d 693 (1986). In *Watson,* the claimant left her employment due to complications associated with her pregnancy. The claimant's physician had restricted her from performing employment requiring lifting or bending. With regard to the claimant's ability to perform other employment, this Court stated:

> Claimant argues on appeal that the referee erred in denying her claim due to her failure to request a transfer to employment that she was capable of performing since no such work existed at the restaurant. Thus, since a transfer request would have been futile, her claim should not have been denied on this basis.
>
> Accepting the validity of the above-stated argument, we nonetheless conclude that claimant was properly denied unemployment benefits, but for a more fundamental reason. Her claim is based upon the assumption that a person who is compelled to remove herself from the labor market due to some health problem, including complications related to pregnancy, is entitled to recover unemployment benefits. We disagree, since we believe that the Employment Security Act was intended to provide relief to those persons "able and available" to perform work but who are prevented from so doing by economic forces beyond their control. *I M Dach Underwear Co v Employment Security Comm,* 347 Mich 465, 472; 80 NW2d 193 (1956). The act was not intended to provide a form of mandatory health or disability insurance at the expense of the employers who fund the system. [*Watson, supra,* p 805.]

Claimant also claims that the findings of the MESC board were not supported by competent,

material and substantial evidence on the whole record. She asserts that the great weight of the evidence supports a finding that she could perform many jobs.

Section 38 of the MESA provides that the circuit court, on appeal from the MESC board, may reverse an order of the board only if it finds that the order is contrary to law or is not supported by competent, material and substantial evidence on the whole record. MCL 421.38; MSA 17.540. The substantial evidence test has been interpreted as requiring more than a scintilla of evidence, but somewhat less than a preponderance. *Reed v Hurley Medical Center,* 153 Mich App 71, 75; 395 NW2d 12 (1986). The concept is somewhat ephemeral, but it is clear that it describes something consisting of more than a mere trace, but considerably less than evidence which outweighs the evidence against it. In making such a review, reviewing courts have been cautioned to use considerable sensitivity to accord due deference to administrative expertise and "not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views." *Smith v MESC,* 410 Mich 231, 260-261; 301 NW2d 285 (1981). As we have indicated previously, the evidence indicated that the medical restrictions prevented claimant from performing work at either job she had previously performed for wages—mail carrier or salesperson. Therefore, there was competent evidence to support the MESC determination and claimant is not entitled to reversal on this issue.

Finally, claimant asserts that the referee did not adequately meet his duty to assist an unrepresented claimant. We first note that the claimant raises this issue for the first time on appeal. We have previously held that the failure to raise an

issue before the Board of Review precludes raising the issue on review before this Court. *Ackerberg v Grant Community Hospital,* 138 Mich App 295, 299; 360 NW2d 599 (1984). We therefore decline to address this issue on the merits, as it has been waived.[1]

Affirmed.

---

[1] We note that, even if we did consider this issue on its merits, we would reject claimant's claim of error. Our review of the record indicates that the referee, in his capacity as an impartial factfinder, MCL 421.33(1); MSA 17.535(1), afforded both the postal service and the claimant ample opportunity to present their evidence. The hearing was, therefore, a fair hearing. While the 1979 Michigan Administrative Code, R 421.1207, does require that an unrepresented party be given assistance, it does not require that the referee become an advocate for the unrepresented party to the extent that the referee's impartiality becomes questionable.