PRECHEL v DEPARTMENT OF SOCIAL SERVICES

Docket No. 108458. Submitted June 11, 1990, at Lansing. Decided
    September 10, 1990; approved for publication November 19,
    1990, at 9:03 A.M.

The Department of Social Services determined that William
    Prechel, D.O., had received $120,000 in medicaid overpayments.
    Prechel petitioned for review, and following a hearing referee's
    recommendation in favor of the department, the department
    issued a final decision and order requiring Prechel to repay the
    overpayment. Prechel appealed, and the Ingham Circuit Court,
    James R. Giddings, J., affirmed. Prechel appealed, alleging that
    the hearing referee incorrectly applied the burden of proof to
    him and adopted the wrong standard for determining the
    medical necessity for the services provided.

    The Court of Appeals *held:*

    1. The hearing referee properly required Prechel to prove
    entitlement to payment. An administrative agency may allo-
    cate the burden of proof by ad hoc decision as long as the
    allocation is consistent with the legislative scheme being ad-
    ministered.

    2. The referee applied the correct standard for determining
    the medical necessity for the services provided. The basis of the
    referee's decision was Prechel's failure to compile and maintain
    comprehensive case histories and notations of patient com-
    plaints, signs, and symptoms that would support his charges.

    Affirmed.

1. SOCIAL SERVICES — MEDICAID — OVERPAYMENTS — BURDEN OF
    PROOF.

    Use by the Department of Social Services of a statistical extrapo-
    lation formula for determining overpayments received by a
    provider of medical services to medicaid recipients does not
    violate due process where the provider is given an opportunity
    to rebut the initial determination of overpayment.

REFERENCES

Am Jur 2d, Administrative Law §§ 748-750; Welfare Laws §§ 38-40.
See the Index to Annotations under Administrative Law; Medicaid;
    Presumptions and Burden of Proof.

2. ADMINISTRATIVE LAW — BURDEN OF PROOF.

> An administrative agency may allocate the burden of proof by ad hoc decision so long as the allocation is consistent with the legislative scheme being administered.

*Sims, Kaplan & Bryen, P.C.* (by *Eric R. Bryen* and *G. Reynolds Sims*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Christopher D. Dobyns,* Assistant Attorney General, for the respondent.

Before: WAHLS, P.J., and GILLIS and JANSEN, JJ.

PER CURIAM. Petitioner appeals as of right from a March 31, 1988, circuit court opinion and order upholding a February 14, 1986, recommendation by a hearing referee and a February 27, 1986, final decision and order by the Department of Social Services requiring petitioner to repay the department $120,000 in medicaid overpayments. The amount of overpayment owed was determined by an audit of petitioner's medicaid claims for a two-year period from January 1, 1981, through December 31, 1982. The overpayment was computed through the use of a statistical random-sampling extrapolation formula wherein the DSS would examine a certain percentage of cases within the two-year period, make a determination of the percentage of those cases that were overcharged, and apply that percentage to the total number of cases during the two-year period. On appeal, petitioner alleges that the hearing referee incorrectly applied the burden of proof to petitioner and adopted the wrong standard for medical necessity. We disagree and affirm.

The hearing procedures involved in assessing overpayments to a medicaid provider have been

upheld by this Court and were determined not to be a violation of due process where the provider is given an opportunity to rebut the initial determination of overpayment. *Quality Clinical Laboratories, Inc v Dep't of Social Services,* 141 Mich App 597, 601; 367 NW2d 390 (1985). The extrapolation process used by the DSS creates a rebuttable presumption placing the burden on the physician to demonstrate that the department's calculations are inaccurate. At all times the burden is on the physician to prove entitlement to welfare monies. *Illinois Physicians Union v Miller,* 675 F2d 151, 154 (CA 7, 1982). On appeal, petitioner objects to the hearing referee's imposing on him the burden of proof on the issue of his entitlement to the disputed payments by requiring that he demonstrate that the department's calculations are inaccurate. The *Miller* court specifically allowed the state to place the burden on the physician to demonstrate that the department's calculations were inaccurate. *Id.* Further, this Court in *Zenith Industrial Corp v Dep't of Treasury,* 130 Mich App 464, 468; 343 NW2d 495 (1983), held that an administrative agency may allocate the burden of proof by ad hoc decision so long as the allocation is consistent with the legislative scheme being administered. Considering the legislative scheme underlying the joint federal-state medicaid program as announced in *Miller,* we find that the hearing referee did not err in placing the burden of proof on petitioner to establish his entitlement to payment.

Petitioner also alleges that the hearing referee erred in applying the wrong standard for medical necessity. We disagree. On review of the referee's recommended decision, we find that the referee supported the department's disallowance on the basis that the patients' medical records did not

establish the medical necessity for prescribing the procedures. The hearing referee held that the patients' histories, signs, symptoms, physical findings, and diagnoses failed to establish the need for the procedures on the basis of the standards of practice of an osteopathic physician. We find that the basis of the hearing referee's decision was petitioner's failure to compile and maintain comprehensive case histories and notations of patient complaints, signs, and symptoms that would support the laboratory testing which was revealed by the audit. The hearing referee did not apply the wrong standard. On review of the referee's recommendation, we conclude that the final decision requiring petitioner to repay the DSS $120,000 in medicaid overpayments is supported by competent, material, and substantial evidence on the whole record. *Quality Clinical Laboratories, supra* at 599.

Affirmed.