PEOPLE v WILLIAMSON

Docket No: 144731. Submitted November 4, 1993, at Lansing. Decided June 7, 1994, at 9:45 A.M.

Ronnie T. Williamson, a licensed dentist, was convicted by a jury in the Genesee Circuit Court, Thomas C. Yeotis, J., of eight counts of falsely certifying a Medicaid claim and two counts of filing a false Medicaid claim. Seven of the counts related to instances in which the defendant billed Medicaid for a full set of x-rays, defined in a Medicaid provider's manual as consisting of a minimum of sixteen films, when he actually took less than a full set. The remaining counts related to billings for the restoration of the teeth of a patient who had private insurance in addition to Medicaid. The defendant appealed.

The Court of Appeals *held:*

1. The defendant's contention that MCL 400.607(1); MSA 16.614(7)(1), which prohibits the filing of wholly or partially untrue or deceptive Medicaid claims, is unconstitutionally vague as applied to him because the provisions of the Medicaid provider's manual defining "full set of x-rays" were not promulgated as rules pursuant to the Administrative Procedures Act, is without merit. MCL 400.111a; MSA 16.490(21a) requires only that the Department of Social Services establish policies and procedures for provider participation in the Medicaid program by the adoption of guidelines under the Administrative Procedures Act. The defendant, who had a Medicaid provider's manual in his office, had notice of the guidelines governing Medicaid billing for full sets of x-rays and also bound himself by contract to abide by the terms of the provider's manual.

2. The trial court did not abuse its discretion in admitting, pursuant to MRE 404(b), evidence of other instances in which the defendant submitted Medicaid claims for full sets of x-rays when only partial sets were taken. The evidence was offered for the purpose of showing the absence of mistake, was relevant, and its probative value was not substantially outweighed by the danger of unfair prejudice. The trial court's failure to conduct an evidentiary hearing regarding the admissibility of this evidence does not require reversal in the absence of a motion in limine by the defense.

3. The trial court abused its discretion in allowing evidence

of double billing by the defendant with respect to the patient who also had private insurance because double billing is a separate offense, and evidence that tends to show the commission of an offense other than the one charged is generally not admissible to prove guilt of the charged offense. However, this error is harmless in light of the overwhelming evidence against the defendant.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Richard L. Koenigsknecht,* Assistant Attorney General, for the people.

*Moran, Bladen & Winckler, P.C.* (by *Edwin M. Bladen*), for the defendant.

Before: MACKENZIE, P.J., and WEAVER and M. H. CHERRY,* JJ.

PER CURIAM. Defendant is a licensed dentist and a Medicaid provider. Following a jury trial, he was convicted of eight counts of falsely certifying a Medicaid claim and two counts of filing a false Medicaid claim, MCL 400.607(1); MSA 16.614(7)(1). Defendant was sentenced to twenty-four months' probation and ordered to pay a $10,000 fine, $1,182.60 in restitution, and a $720 oversight fee. He now appeals as of right. We affirm.

Seven of defendant's convictions arose from instances in which he billed the Medicaid program for taking a full set of x-rays of the teeth of several children when he actually took less than a full set, defined as sixteen films in the Medicaid program's provider manual. Defendant's remaining convictions arose from instances in which he improperly billed Medicaid for certain restoration procedures on the teeth of patient Cora Chadwell.

* Circuit judge, sitting on the Court of Appeals by assignment.

The statute under which defendant was convicted, § 7 of the Medicaid False Claim Act, MCL 400.607(1); MSA 16.614(7)(1), provides:

A person shall not make or present or cause to be made or presented to an employee or officer of this state a claim under the social welfare act, Act No. 280 of the Public Acts of 1939, as amended, being sections 400.1 to 400.121 of the Michigan Compiled Laws, upon or against the state, knowing the claim to be false.

Section 2(d) of the act defines "false" as "wholly or partially untrue or deceptive." MCL 400.602(2)(d); MSA 16.614(2)(d).

On appeal, defendant contends that § 7 is unconstitutionally vague because the definition of what constitutes a false Medicaid claim is found in the Medicaid provider manual, the contents of which were not promulgated as rules in accordance with the Administrative Procedures Act (APA), MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* We disagree.

The Medicaid program is authorized under the Social Welfare Act, MCL 400.1 *et seq.*; MSA 16.401 *et seq.*, and is administered by the Department of Social Services. It is clear from § 111a of the Social Welfare Act, MCL 400.111a; MSA 16.490(21a), that the DSS is only required to establish policies and procedures for provider participation in the Medicaid program by the adoption of guidelines under the APA, and not by the promulgation of rules. See MCL 24.203(6); MSA 3.560(103)(6) and MCL 24.207; MSA 3.560(107). Contrary to defendant's contention, guidelines need not be published before they are adopted. MCL 24.224; MSA 3.560(124). The agency, however, must give notice of any proposed guideline to all affected providers. See MCL 24.224(2); MSA 3.560(124)(2).

In this case, defendant concedes that he had at

least constructive, if not actual, notice of the agency guideline setting forth the appropriate method of billing the Medicaid program for procedures he performed. The provider's manual seized from his dental office states that billing for a full set of x-rays is appropriate only for "minimum 16 films." This guideline is unambiguous and put defendant on notice that taking less than sixteen films should not be billed as a full series.

Moreover, under § 111b of the Social Welfare Act, MCL 400.111b; MSA 16.490(21b), defendant contracted with the DSS to be bound by the terms of the provider's manual. A state agency may bind an individual through a contract without regard to whether the contents of the contract were promulgated as a rule. *Rutherford v Dep't of Social Services*, 193 Mich App 326, 331; 483 NW2d 410 (1992). Accordingly, contrary to defendant's suggestion, he was bound to follow the billing procedures in the manual although the manual's provisions had not been promulgated as a rule. *Id.* Under these circumstances, we conclude that defendant was on notice that he must conform with the guidelines set forth in the Medicaid provider's manual and that deviation from the billing practices set forth in the manual would constitute a false claim, punishable under § 7 of the Medicaid False Claim Act. We decline to reverse on vagueness grounds.

Defendant also contends that the trial court abused its discretion in admitting certain evidence. First, defendant argues that under MRE 404(b) the court should not have allowed similar-acts evidence of other instances in which he submitted, and the DSS rejected, Medicaid claims for a full set of x-rays when in fact less than sixteen films were taken. The argument is without merit. The evidence was offered for the purpose of showing the

absence of mistake regarding what the DSS considered a full series of x-rays, it was relevant, and the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *People v VanderVliet,* 444 Mich 52, 55; 508 NW2d 114 (1993). Furthermore, the trial court's failure to conduct an evidentiary hearing regarding the admissibility of the evidence does not require reversal. Neither *People v Golochowicz,* 413 Mich 298; 319 NW2d 518 (1982), nor *People v Engelman,* 434 Mich 204; 453 NW2d 656 (1990), mandates that an evidentiary hearing be held where, as in this case, no motion in limine has been made by the defense.

Defendant also argues that the trial court abused its discretion in allowing evidence that defendant billed both Medicaid and Cora Chadwell's private insurer for the same procedure. To the extent that defendant suggests this evidence was inadmissible because he was charged with filing a false claim, and not the separate offense of double billing, we agree. As a general rule, evidence that tends to show the commission of other criminal acts by a defendant is not admissible to prove guilt of the charged offense. *People v Delgado,* 404 Mich 76; 273 NW2d 395 (1978). Moreover, we are satisfied that the evidence of double billing was not "so blended or connected with the crime of which defendant is accused that proof of one incidentally involves the other or explains the circumstances of the crime." *Id.* at 83. Nonetheless, in light of the overwhelming evidence against defendant, we conclude that the error was harmless. *People v Oswald (After Remand),* 188 Mich App 1, 8; 469 NW2d 306 (1991).

Affirmed.